# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN HOLINSWORTH,               )<br>                                                 )<br>                        Petitioner,   )<br>v.                                            )   Case No. CIV-08-634-F<br>                                                 )<br>DAVID PARKER, WARDEN,     )<br>                                                 )<br>                        Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Petitioner has filed a Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. He raises due process challenges to a prison disciplinary conviction which resulted in the revocation of earned credits. He states in his Petition that his prison disciplinary conviction was affirmed through the administrative appeal process by final decision on June 13, 2007.

Respondent has filed a Motion to Dismiss [Doc. #9] and seeks dismissal of the Petition on grounds that Petitioner has failed to exhaust available state court remedies prior to filing this federal habeas action. Petitioner has been given the opportunity to respond to the Motion, *see* Order [Doc. #10], but has not done so. The matter is now at issue.

For the reasons set forth below, it is recommended that the Motion be granted and that this action be dismissed with prejudice to refiling.

**I.      Relevant Factual Background**

Petitioner is incarcerated at the James Crabtree Correctional Center (JCCC) in Helena Oklahoma. On March 7, 2007, Petitioner was found guilty of Battery, a Class X misconduct offense. *See* Respondent's Motion, Exhibit 3, Disciplinary Hearing Report; *see also* Petition, Attachment 1 at 21.[1] His punishment included the revocation of 365 days earned credits. *Id*. Petitioner appealed the misconduct conviction through the prison administrative appeal process, and the conviction was affirmed by final administrative decision dated June 13, 2007. *See* Respondent's Motion, Exhibit 3 at 13, Response from Director or Designee.

Approximately nine months later, Petitioner sought judicial review of the misconduct conviction by filing a petition for judicial review pursuant to Okla. Stat. tit. 57, § 564.1. *See* Petition Attachment at 10; *see also* Motion, Exhibit 4, Docket at March 21, 2008, *Holingsworth v. Parker*, Case No. CJ-2008-2609, District Court of Oklahoma County, State of Oklahoma. The state district court denied relief by order dated April 22, 2008. *See id*.; *see also* Respondent's Motion, Exhibit 5, Order Denying Relief on Petition for Judicial Review. The court denied relief on the following grounds:

> In accordance with 57 O.S. § 564.1 when an inmate has been subject to disciplinary action the inmate may seek judicial review but may only name the DOC as the respondent and must file his petition within 90 days of notice of the denial of the administrative appeal. The Court finds the Petitioner has named the wrong party and [filed] in excess of the 90 day statute of limitations. 57 O.S. § 564.1 et seq. The Petitioner has not met the

---

[1] Page references to the Petition and the Attachment to the Petition are made to the electronic filing pagination.

2

>   jurisdictional prerequisite to give any court subject matter jurisdiction and fails
>   to state a claim.

*Id.* at 1.

Petitioner then filed an appeal of the district court's denial of his petition for judicial review. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of relief by order dated June 2, 2008. *See* Respondent's Motion, Exhibit 7, OCCA Order Affirming Denial of Post-Conviction Relief. Petitioner then filed the instant habeas petition on June 20, 2008.

## II.   **Petitioner's Claims for Habeas Relief**

Petitioner brings the following grounds for habeas relief: (1) Petitioner is entitled to a dismissal of the misconduct conviction because his due process rights were violated; and (2) Petitioner is actually innocent of the misconduct. Respondent has not addressed the merits of the claims raised in the Petition. Instead, Respondent seeks dismissal of the petition on grounds that Petitioner has not exhausted his state judicial remedies. Although Respondent's proposition couches the request for dismissal in terms of a failure to exhaust, as evidenced in the body of Respondent's motion, Respondent is more precisely seeking dismissal on grounds that the claims raised in the petition are procedurally barred.

## III.   **Analysis**

As set forth above, Petitioner's state court petition for judicial review filed pursuant to Okla. Stat. tit. 57, § 564.1 was denied by the state courts on procedural grounds. Where a habeas petitioner asserts federal claims that were denied by the state courts on procedural

grounds, the petitioner's state procedural default "functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (*citing Woodford v. Ngo*, 548 U.S. 81 (2006) and applying procedural default to bar review of habeas claims challenging Oklahoma inmate's disciplinary conviction where inmate had not exhausted claims by filing state court petition for judicial review and any attempt by inmate to file state court petition would be time-barred); *see also Coleman v. Thompson*, 501 U.S. 722 (1991). The procedural default may be excused only if Petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims would result in a fundamental miscarriage of justice. *Magar*, 490 F.3d at 819.

As cause to excuse the procedural default of his claims, Petitioner contends that he was "without the essential help he needed to perfect his appeal due to the closing of the law library and the firing of its clerk." *See* Petition at 6. Petitioner further alleges that he attempted to file the action in Alfalfa County initially and did so because he was "without help." Petitioner does not provide any factual allegations to demonstrate when he attempted to file the action in Alfalfa County.[2]

Petitioner attaches to the Petition a series of Requests to Staff as evidence of his efforts to pursue exhaustion of state judicial remedies. On August 27, 2007, Petitioner submitted a Request to Staff advising that he had inadvertently left legal materials with an

---

[2] The statute provides that judicial review must be sought "in the district court of the official residence of the Department of Corrections," which is Oklahoma County. *See* Okla. Stat. tit. 57, § 564.1(A).

4

individual in the law library on August 23, 2007, and requesting that he be given the materials back. *See* Petition, Attachment 1 at 31.

On September 7, 2007, Plaintiff submitted another Request to Staff again requesting that his legal materials be returned. In the Request to Staff, Plaintiff indicates that the law library was shut down on August 24, 2007. *See* Petition, Attachment 1 at 33.[3] The responses to the Requests to Staff show that the materials were given back to Petitioner on September 13, 2007. *Id.* On that same day, Petitioner submitted another Request to Staff complaining that when his files were returned, some of the records were missing. He requested the records be returned and that he be given a letter stating that the delay in pursuing judicial remedies was through no fault of his own. *See* Petition, Attachment 1 at 36. The prison official responding to the Request to Staff advised: "I don't have the authority nor access to retrieve this paperwork." *Id.* Petitioner makes no allegation that he submitted any formal grievance pertaining to these issues, and the record before the Court indicates Petitioner took no further action until March 2008 when he proceeded to file the petition for judicial review in the District Court of Oklahoma County.

As previously set forth, Petitioner was notified of the final administrative decision in the disciplinary hearing process on June 13, 2007. Therefore, he had ninety days, or until September 11, 2007, within which to file his petition for judicial review in the state courts. According to the statements contained in the Requests to Staff submitted by Petitioner, he

---

[3]In the Petition, Petitioner alleges the law library was closed down for a period of two weeks. *See* Petition at 4. *See also* Petition, Attachment 1 at 15.

was without his materials for a period of approximately three weeks and those three weeks coincided with the final three weeks just prior to the expiration of the time period within which to file his petition for review in state court.

To show cause for a procedural default, the petitioner must show "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986)(explaining that examples of cause include situations where the factual or legal basis for a claim was unavailable to counsel or where interference by officials made compliance with the rule impossible). Here, not only did Petitioner delay in preparing his petition for judicial review for filing within the 90-day period, but Petitioner waited an additional six months from the time his records were returned to file the state court petition. He offers no explanation for this delay. Under these circumstances, Petitioner has failed to establish that the untimely filing of his petition for judicial review is attributed solely to the lack of access to either his legal materials or the prison law library.

For these same reasons, to the extent Petitioner claims his ignorance of the law or lack of legal assistance prevented his timely filing, the claim lacks factual support. Moreover, the Tenth Circuit has held that ignorance of the law or a prisoner's pro se status are insufficient to establish the cause necessary to overcome the procedural default of a claim. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (habeas petitioner's "assertions [that] he is not a lawyer and was unaware of [state] statute's existence are insufficient as a matter of law to constitute 'cause.'"); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (petitioner's

pro se status and "lack of awareness and training on legal issues" were not "objective factors external to the defense" and therefore inadequate to establish cause sufficient to overcome the procedural default of his claims).

Even if Petitioner's allegations were accepted as sufficient cause to overcome the procedural bar of his claims, the untimeliness of the filing of the petition for judicial review was only one of two grounds upon which the petition was denied in state court. The state court also denied the petition for judicial review because Petitioner named the wrong party by bringing the action against Warden Parker. Section 564.1(A)(2) expressly provides: "The petition shall only name the Department of Corrections as the respondent . . . ." Okla. Stat. tit. 57, § 564.1 (A)(2). Because Petitioner belatedly filed the petition, he could not have re-filed the action in a timely fashion to cure this defect.

Petitioner has failed to allege facts sufficient to demonstrate that some external factor prevented him from timely and properly filing the state court petition for judicial review. Petitioner's claims, therefore, are procedurally defaulted and federal habeas review of these claims is barred unless Petitioner can demonstrate the "markedly narrow" fundamental miscarriage of justice exception should apply. *See Magar*, 490 F.3d at 820.

To meet the fundamental miscarriage of justice exception, Petitioner claims he is actually innocent of the misconduct conviction. The record shows Petitioner was charged with battery based on evidence that he assisted in the assault on another inmate who was severely injured. Under the Oklahoma Department of Corrections (ODOC) regulations, the offense of Battery 04-4, is defined as: "Participating in an activity that directly results in the

intentional injury of another person(s)." *See* Petition, Attachment 1 at 27, ¶ 4; Respondent's Motion, Exhibit 3 at 11, ¶ 4; *see also* ODOC, OP-060125, Attachment A, Acts Constituting Rule Violation.[4]  The Disciplinary Hearing Report sets forth the following evidence in support of the misconduct conviction:

> Confidential statement indicates a witness's observations of an apparent thought-out plan involving the charged inmate occupying the victim's attention with verbal remarks/threats while another inmate battered the victim. I find no cause to discount Lt. Irwin's derived information regarding the 2-21-07 1500 hr incident.

*See* Petition, Attachment 1 at 21; Respondent's Motion, Exhibit 2 at 6.  While Petitioner disputes the witness's account, he submits no evidence that would "approach[] establishing the requisite probability of his actual innocence." *Magar*, 490 F.3d at 820.  Accordingly, Petitioner has failed to demonstrate an exception to the procedural default of his claims.

It is recommended that Respondent's Motion to dismiss be granted and the Petition be dismissed with prejudice as the claims raised in the Petition are procedurally defaulted and barred from federal habeas review.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #9] be granted and that the Petition be dismissed with prejudice.

---

[4] Available at: <http://www.doc.state.ok.us/Offtech/060125aa.pdf>.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by September  11th , 2008. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this  22nd  day of August, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE